UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DOUGLAS SNYDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 4:06-cv-70<br><br>Honorable Robert Holmes Bell<br><br>**REPORT AND RECOMMENDATION** |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security. Plaintiff filed his application for disability insurance benefits (DIB) on January 26, 2004, claiming an September 1, 1998 onset of disability. (A.R. 38-40). Plaintiff's disability insured status expired on December 31, 2002, and it was plaintiff's burden to submit evidence demonstrating that he was disabled on or before December 31, 2002. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *see also Wirth v. Commissioner*, 87 F. App'x 478, 479 (6th Cir. 2003). Plaintiff's claim was denied on initial review. (A.R. 31-36). On September 21, 2005, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 397-422). On December 3, 2006, the ALJ issued a decision denying plaintiff's application for DIB benefits. (A.R. 12-17). On May 9, 2006, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision.

On June 15, 2006, plaintiff filed his complaint seeking review of the Commissioner's decision denying his application for DIB benefits. Plaintiff's brief contains the following statement of errors:

I. THE ALJ ERRED IN ACCEPTING THE TESTIMONY OF THE VOCATIONAL EXPERT TESTIMONY [sic] TO AN INCOMPLETE HYPOTHETICAL QUESTION WHICH WAS CONFINED TO A SINGLE ASPECT OF THE PLAINTIFF'S MENTAL CAPACITY.

II. THE ADMINISTRATIVE LAW JUDGE FAILED TO PROPERLY CONSIDER THE VETERANS ADMINISTRATION'S FINDING OF A 100% DISABILITY.

(Plf. Brief at 2, 9, docket # 10). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331

(6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on September 1, 1998, his alleged onset of disability, and continued to meet them through December 31, 2002, but not thereafter. Plaintiff had not engaged in substantial gainful activity from his alleged onset of disability through his date last disability insured. The ALJ found that plaintiff had a severe impairment of a bipolar schizoaffective disorder, which was stable with

medication.[1]  Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  The ALJ determined that plaintiff's subjective complaints were not fully credible.  "The claimant's course of treatment prior to December 31, 2002, did not support the level of severity described by the claimant." (A.R. 14).  The ALJ found that plaintiff retained a residual functional capacity (RFC) with no exertional limitations and the following non-exertional limitations:  "moderate restriction of activities of daily living; moderate difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence or pace."[2]  The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis because plaintiff's RFC did not prevent him form performing his past relevant work as a janitor, sales clerk, retail manager, stocker, and assistant manager.  (A.R. 12-17).

**1.**

Plaintiff's initial argument is that the hypothetical question the ALJ posed to the VE was inadequate because it was "incomplete."  The VE testified that plaintiff's past relevant work had been light in its exertional requirements, and with the exception of plaintiff's unskilled work a janitor, had been semi-skilled.  (A.R. 417-18).  The ALJ then elicited VE testimony regarding

---

[1]The ALJ observed that plaintiff's medical records (*see e.g.*, A.R. 154) suggested that alcohol abuse could potentially be a contributing factor.  However, on page 3 of his opinion, the ALJ found that, "As there is no evidence to the contrary and giving the claimant the benefit of the doubt, the undersigned finds that the claimant is currently in alcohol abuse remission." (A.R. 14).

[2]These nonexertional limitations correspond to a mental residual functional capacity assessment of plaintiff's condition as of December 31, 2002, made by Psychologist Matthew Rushlau.  (A.R. 307-10).  The ALJ observed that plaintiff had a history of a vision problem dating back to the 1970's, but there was no evidence that plaintiff's condition had deteriorated, and it had not previously prevented plaintiff from working.  (A.R. 13).

whether a hypothetical person of plaintiff's age with his education, work experience, and RFC would be capable of performing plaintiff's past relevant work:

Q. . . . If we were to assume a person the same age, education, and work experience as the claimant and if we were to assume as is set forth in Exhibit 4, page 18, the person had moderate restrictions of activity of daily living, difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace, would you expect such a person to be able to perform the claimant's past relevant work?

A. Yes.

(A.R. 418).

Plaintiff argues that testimony his attorney elicited from the VE established that, if plaintiff's testimony was fully credible, plaintiff would not be able to perform the requirements of any job existing in significant numbers in the national economy. (Plf. Brief at 4, 7). The ALJ found that plaintiff's testimony concerning his functional limitations as of his date last disability insured was not fully credible. This court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v. Commissioner*, 192 F. App'x 521, 528 (6th Cir. 2006). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."

*Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. The ALJ's finding that plaintiff's mental impairment was stable with medication during the relevant time period (A.R. 13) is supported by more than substantial evidence. (*see e.g.*, A.R. 164, 204). Plaintiff's brief relies on evidence of a back impairment, leg tremors, and alleged drowsiness from taking Vicodin, but plaintiff makes no attempt to relate these items to plaintiff's last date of disability insurance. (*Compare* A.R. 15, page 4 of the ALJ's opinion, noting that, among other things "the claimant's claim of back pain is not mentioned in the medical records until 2004"). I find that the ALJ's credibility determination is supported by more than substantial evidence.

It is well settled that a hypothetical question to a VE need not include unsubstantiated limitations.[3] *See Casey*, 987 F.2d at 1235; *see also Chandler v. Commissioner*, 124 F. App'x 355, 358-59 (6th Cir. 2005). Plaintiff's argument that the ALJ was bound by the VE's testimony in response to a hypothetical question posed by plaintiff's attorney, which had accorded full credibility to plaintiff's subjective complaints, requires little discussion. The VE does not determine a

---

[3]VE testimony is not required at Step 4 of the sequential analysis. It is common practice, however, for an ALJ to rely upon a VE's testimony at Step 4. *See, e.g.*, *Colvin v. Barnhart*, 475 F.3d 727, 731(6th Cir. 2007). The social security regulations permit the ALJ to utilize testimony from a vocational expert at Step 4 to assist the ALJ in determining whether the claimant is capable of performing his past relevant work. 20 C.F.R. § 404.1560(b)(2); *see Hennes v. Commissioner*, 130 F. App'x 343, 346 (11th Cir. 2005)("[A]lthough VE testimony is not required in determining whether a claimant can perform his past relevant work, *see Lucas v. Sullivan,* 918 F.2d 1567, 1573 n .2 (11th Cir.1990), the regulations provide that 'the services of vocational experts or vocational specialists' may be used in making this determination because such an expert 'may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'").

claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987); *see also McKenzie v. Commissioner*, No. 99-3400, 2000 WL 687680, at * 4 (6th Cir. May 19, 2000). The ALJ, having found that plaintiff's subjective complaints were not fully credible, was not bound in any way by a VE's response to a hypothetical question from the plaintiff's attorney incorporating a contrary assumption.

**2.**

Plaintiff's remaining argument is that the ALJ "failed to properly consider the Department of Veterans Administration's [sic] finding of a 100% disability." (Plf. Brief at 9). This argument, like plaintiff's other arguments, fails to focus on plaintiff's date of last disability insurance. The ALJ emphasized the importance of this date during plaintiff's hearing. (A.R. 421). The February 3, 2005 decision of the Department of Veterans Affairs (VA) now relied on by plaintiff was certainly not a point of emphasis at plaintiff's hearing. It was simply offered by plaintiff's attorney for what it was worth:

> ATTY:   Oh and finally, I don't know what it's worth, but the Department of Veteran's Affairs has declared this man 100 percent disabled. I have the decision here, which may be of interest to you, Your Honor.

(A.R. 401). The record shows that on February 3, 2005, the VA issued a decision awarding plaintiff benefits at the rate of 100%, effective August 31, 2004, based on a finding that as of that date

plaintiff's service connected disability prevented plaintiff from working.[4] (A.R. 99-105). The VA's decision did not purport to address whether plaintiff was disabled on or before December 31, 2002.

The ALJ expressly considered the VA's determination, but he did not find it to be particularly persuasive on the issue of whether plaintiff was disabled within the meaning of the Social Security Act on or before December 31, 2002:

> The records indicate that the claimant sought treatment from the VA prior to August of 2004 but that he was found 100% disabled by the Department of Veterans Affairs on August 31, 2004 (after the claimant's date last insured)(Exhibit 10E).  Moreover, although there are similarities in the Title II disability program and the Veterans' Administration disability, the two programs are not identical.  Title II regulations take into account the claimant's past relevant work, i.e., substantial gainful work he has done in the past 15 years.  The regulations consider both medical and vocational factors in the Medical Vocational Guidelines in Appendix 2 of Subpart P of Part 404.

(A.R. 15).  Under 20 C.F.R. § 404.1504, the VA's determination is not binding on the Social Security Administration.[5]  The Sixth Circuit has repeatedly rejected claims that "disability"

---

[4] Plaintiff filed his claim for VA benefits on August 31, 2004. (A.R. 99, 103). In 2004 and 2005, plaintiff began complaining of increased stress and other symptoms stemming from his financial difficulties. (A.R. 380, 386, 390).

[5] "A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. § 404.1504.  This is eminently reasonable.  Disability determinations are legal decisions.  VA disability claims are evaluated under different standards and administrative determinations are subsequently reviewed by different courts under different standards of appellate review.  *See e.g.*, *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006) ("Determinations of disability by other agencies do not bind the Social Security Administration, however, 20 C.F.R. § 416.904, and anyway the Department of Veterans Affairs requires less proof of disability than the Social Security Administration does."); *DuBois v. Barnhart*, 137 F. App'x 920, 921 (8th Cir. 2005) ("[A] disability decision by the VA is based on its rules and not those of the Social Security Administration."); *Bradley v. Barnhart*, 87 F. App'x 190, 191 (2d Cir. 2003)(VA disability rating was not "material" because it related to a time period after the period relevant to the social security application, and it did not warrant a sentence-six remand).

determinations made by other federal agencies, state agencies and private employers were entitled to any particular weight. *See Turcus v. Social Security Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004)("[A] decision by another government agency as to an individual's disability is not binding upon the Social Security Administration."); *Williamson v. Apfel*, No. 97-4194, 1998 WL 833779, at * 8 (6th Cir. Nov. 19, 1998) ("[T]he findings of other agencies regarding the disability of Appellant could not constrain the ALJ."); *Vick v. Secretary of Health & Human Servs.*, No. 91-5410, 1992 WL 92833, at * 6 (6th Cir. May 6, 1992) ("[W]e find no error in the ALJ's refusal to consider the Kentucky Department of Education's 1983 finding that Mr. Vick's impairments prevented a successful return to the job market."); *Hall v. Secretary of Health & Human Servs.*, No. 85-5136, 1986 WL 16325, at * 3 (6th Cir. Jan. 21, 1986) ("Receipt of black lung benefits is not determinative of disability under Social Security regulations.").

None of the cases cited in plaintiff's brief remotely stand for the proposition that any particular weight must be given to a VA determination finding that the plaintiff was disabled twenty months after the plaintiff's date last disability insured. Appellate courts have occasionally found it necessary to remand cases to the Commissioner because an ALJ's opinion was devoid of any discussion of a VA disability determination. *See McCarty v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002); *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998); *cf Wilkins v. Callahan*, 127 F.3d 1260, 1262 (10th Cir. 1997)("It is clear that the agency in this case did recognize and consider the VA's decision . . . [m]ore is not required."). The Sixth Circuit is not among the courts employing language to the effect that an ALJ must "ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This judicial gloss is not analytically helpful in the process of determining whether the Commissioner's decision on a particular claim for social security benefits

withstands review under the "substantial evidence" standard. 42 U.S.C. § 405(g). VA disability claims are evaluated under different standards and administrative determinations are subsequently reviewed by different courts under different standards of appellate review. The Fifth Circuit, a court that had utilized a "great weight" label in its earlier cases, recently recognized that the evidentiary weight carried by a VA decision varies depending on the factual circumstances of each case:

> [W]e have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain a valid reason for not doing so.

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Here, the ALJ's decision would pass review under the standards applied by any circuit. The ALJ gave little weight to the VA's determination finding that plaintiff was disabled as of August 31, 2004 because that date was long after plaintiff's date last disability insured. (A.R. 15). Throughout his opinion the ALJ emphasized that in order to have been entitled to DIB benefits under the Social Security Act's definition, plaintiff was required to establish that he was disabled on or before his disability insured status expired on December 31, 2002. The VA definition of disability lacks this critical component. Moreover, the ALJ noted that VA's definition does not take into consideration the claimant's past relevant work. (A.R. 15). For purposes of judicial review pursuant to 42 U.S.C. § 405(g), this more than suffices as an adequate explanation.

**Recommended Disposition**

   For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  May 4, 2007    /s/  Joseph G. Scoville
             United States Magistrate Judge


**NOTICE TO PARTIES**

   Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).